UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHEDRICK J. BRUMFIELD #395469 | CIVIL ACTION NO. 16-1197 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff Shedrick Brumfield ("Plaintiff"), a prison inmate, was awarded $500.00 in punitive damages after a four-day jury trial for violations of his Eighth Amendment right to be free from cruel and unusual punishment. [Record Document 131, p. 3]. Brumfield now moves for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. [Record Document 133, p. 1]. Defendants Jerry Goodwin, Angie Huff, and Lonnie Nail ("Defendants") have filed an opposition. [Record Document 136]. Plaintiff has filed a reply. [Record Document 137]. Having reviewed the instant motion, the opposition thereto, and the applicable law, the Court finds that attorney's fees in the amount of $750.00 should be awarded in this matter. Accordingly, Plaintiff's Motion for Attorney's Fees [Record Document 133] is hereby **GRANTED**. Plaintiff's counsel is awarded an additional $2,500.00 in attorney's fees pursuant to the Western District of Louisiana's Civil Pro Bono Panel program.

**BACKGROUND**

The facts relating to the Eighth Amendment violation in this case are laid out in detail in Magistrate Judge Hornsby's Report and Recommendation on Defendants' motion for summary judgment. Record Document 48. For the purposes of the instant motion, only the following background is necessary. The Court denied Defendants' motion for summary judgment and the case

1

proceeded to a jury trial. Record Documents 50 & 117. Plaintiff's counsel was appointed through the Western District of Louisiana's Civil Pro Bono Panel to represent Plaintiff at trial. Record Documents 80 & 81. Plaintiff's counsel represented Plaintiff during the trial and Plaintiff was awarded $500.00 in punitive damages against Defendant Jerry Goodwin. Record Documents 117; 131, p. 3. After trial, Plaintiff filed a motion requesting $14,900.00 in attorney's fees. Record Documents 133. This total was calculated by multiplying Plaintiff's counsel's regular rate of $200.00 per hour by the 74.5 hours she spent on this case. *Id.* Plaintiff's counsel later submitted an itemized bill detailing the time she spent working on this case. Record Document 135.

As the prevailing party in this civil rights litigation, Plaintiff is entitled to recover reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b) if the Court allows. However, the PLRA provides several limitations on the awarding of such attorney's fees, including its provision that

> [w]henever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d)(2). Defendants argue that this provision limits the amount of attorney's fees that Plaintiff can recover to 150 percent of his $500.00 judgment. Record Document 136, p. 2. Defendants also claim that this provision requires 25 percent of the judgment awarded to Plaintiff to be applied to satisfy the amount of attorney's fees. *Id.* at 6. In response, Plaintiff contends that Defendants have provided no controlling authority showing that attorney's fees must be capped at 150 percent of the judgment awarded, but concedes that the PLRA requires that up to 25 percent of the judgment be applied toward attorney's fees. Record Document 137, pp. 1–2.

2

## ANALYSIS

I. **Attorney's Fees Award May Not Exceed 150 Percent of the Amount of Judgment**

Multiple circuits have interpreted § 1997e(d)(2) to mean that an award of attorney's fees in prisoner cases cannot exceed 150 percent of the amount of the judgment. *Parker v. Conway*, 581 F.3d 198, 203 (3d Cir. 2009) (collecting cases). Despite its clumsy wording, which has been called "inartful," § 1997e(d)(2)'s language supports this conclusion. *See Robbins v. Chronister*, 435 F.3d 1238, 1240 (10th Cir. 2006). As the Eleventh Circuit recently explained in *Thompson v. Smith*, in order to give meaning to the second sentence of § 1997e(d)(2), it must be construed "to differentiate between two subsets of cases where a prisoner is awarded fees: those where the prisoner's total fees do not exceed 150 percent of the judgment, and those where they do." No. 18-11671, 2020 WL 1189387, at *12 (11th Cir. Mar. 12, 2020). The court held that in cases where the plaintiff's total attorney's fees amount to more than 150 percent of the judgment, "the fees in excess of 150 percent of judgment are not paid by the defendant." *Id.* The court reasoned that

> [i]f this were not the case, the word 'if' in the second sentence would have no meaning because the defendant's payment of the fees would not be contingent on anything; rather, the defendant would always pay anything above the first 25 percent of the amount of the judgment, in every case where the plaintiff was awarded fees.

*Id.* In *Thompson*, the Eleventh Circuit became the latest of many circuits to conclude that the PLRA limits the award of attorney's fees to 150 percent of the judgment. *Id.* (citing *Boivin v. Black*, 225 F.3d 36, 40 (1st Cir. 2000); *Shepherd v. Goord*, 662 F.3d 603, 608 (2d Cir. 2011); *Parker*, 581 F.3d at 201; *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001); *Johnson v. Daley*, 339 F.3d 582, 584 (7th Cir. 2003) (en banc); *Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010); *Dannenberg v. Valadez*, 338 F.3d 1070, 1074–75 (9th Cir. 2003); *Robbins*, 435 F.3d at 1244).

The Fifth Circuit implicitly affirmed this interpretation of § 1997e(d)(2) in *Volk v. Gonzales,* 262 F.3d 528, 536 (5th Cir. 2001). In *Volk*, the plaintiff challenged the district court's application of the PLRA's fee limit to his award of "fees-on-fees," which are attorney's fees generated by work done to recover attorney's fees. *Id.* The court affirmed the lower court's ruling, stating that the PLRA's limitation "on the judgment debtors' responsibility for fees to 150 percent of the judgment" should apply to fees-on-fees. *Id.* Thus, the Fifth Circuit aligns with the circuits in the above-mentioned cases and their interpretation of the PLRA's fee limits.

The Court has not located, nor has Plaintiff provided, any other legal authority reaching a different conclusion as to the proper interpretation of § 1997e(d)(2) or awarding attorney's fees against a defendant in an amount greater than 150 percent of the judgment. Consequently, the Court will adopt the interpretation of the above-mentioned circuit cours. In this case, the jury awarded Plaintiff $500.00 in punitive damages. Record Document 131, p. 3. Therefore, the PLRA's 150 percent cap on attorney's fees limits the award to $750.00.[1]

## II.     25 Percent of the Judgment Must Apply to Attorney's Fees

The PLRA provides that, whenever a money judgment is awarded, "a portion of the judgment (not to exceed 25 percent)" goes toward the award of attorney's fees. 42 U.S.C. § 1997e(d)(2). Recently, in *Murphy v. Smith*, the Supreme Court examined whether district courts have latitude to apply some discretionary amount lower than 25 percent of the amount of judgment to the attorney fee award or whether they must exhaust 25 percent of the prisoner's judgment

---

[1] Attorney's fees are normally calculated using the lodestar method, which involves multiplying the reasonable hourly rates for the participating attorneys and the reasonable number of hours expended on the litigation. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). However, in the Court's experience, the product of any reasonable hourly rate and reasonable number of hours worked in this case, in which Plaintiff's counsel prepared for and participated in a jury trial, would equal significantly more than $750.00. Thus, the Court need not calculate the lodestar amount in this case.

before demanding payment from the defendants. 138 S. Ct. 784, 787 (2018). The Court held that, in view of the "textual, contextual, and precedential evidence," § 1997e(d)(2) requires that "district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees." *Id.* at 790. Accordingly, **IT IS ORDERED** that 25 percent of the $500.00 judgment, equaling $125.00, must be applied to satisfy the amount of attorney's fees.

### III.     Additional Attorney's Fees

As discussed above, § 1997e(d)(2) limits the amount of attorney fees that a defendant must pay to 150 percent of the judgment. However, in the instant case Plaintiff's counsel may also recover attorney's fees outside of the PLRA's limitations. The Western District of Louisiana has approved a pilot program implementing a Civil Pro Bono Panel to aid in providing legal services to pro se inmates pursuing civil claims. Plaintiff's counsel was appointed to represent Plaintiff through this program and is therefore eligible for reimbursements of costs and expenses in an amount up to $2,500.00, and for attorney's fees in an amount up to $2,500.00. *See* Record Document 80. Plaintiff's counsel has moved for attorney's fees via the instant motion, and provided records of time spent working on this case, and is therefore is eligible for the reimbursement of attorney's fees.

Accordingly, **IT IS ORDERED** that Plaintiff's counsel is awarded an additional $2,500.00 in attorney's fees, payable from the Western District of Louisiana's attorney admission fund in accordance with the resolution forming the Western District of Louisiana's Civil Pro Bono Panel. Any request for the reimbursement of costs and expenses from this fund must be made by separate motion.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees [Record Document 133] is hereby **GRANTED**. The Court finds that an award of attorney's fees in the amount of $750.00 is required by 42 U.S.C. § 1997e(d)(2). Additionally, $125.00 of that $750.00 will be deducted from the $500.00 judgment.

**IT IS ORDERED** that Plaintiff's counsel is awarded an additional $2,500.00 in attorney's fees, payable from the Western District of Louisiana's attorney admission fund in accordance with the resolution forming the Western District of Louisiana's Civil Pro Bono Panel.

A judgment in accordance with this ruling will issue separately.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 19th day of May, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE